FREDERICK SHAFER, Appellant, *v.* THOMAS NEWLAN, Appellee.

APPEAL FROM THE COURT OF COMMON PLEAS OF THE CITY OF AURORA.

Where the allegations and proofs do not correspond, this court may remand the cause, with permission to the plaintiff below to amend his pleading.

THIS was an action commenced against Newlan by Shafer, upon an order given by Newlan upon one Buchanan, for liquors, upon a horse trade between Newlan and Buchanan. Shafer presented his order and received his liquors, which he returned to Buchanan, upon the ground that they were so adulterated as to be without value. There was proof showing, that Newlan said to Shafer, that if he would get the order back from Buchanan, that he (Newlan) would arrange the matter with Shafer. Shafer got the order back, and sued Newlan in assumpsit. The declaration had a count upon the order, and also the common counts for goods sold, money lent, paid, laid out, and expended, etc.

The court below tried the issues, and gave a judgment for the plaintiff below (appellee) for eighty dollars. Defendant below appealed.

B. C. COOK, and PLATO & HARVEY, for Appellant.

C. J. METZNER, for Appellee.

BREESE, J.  It is very apparent on this record, that the allegations in the plaintiff's declaration, and the proofs he made, do not correspond.

The action is assumpsit.  The declaration avers, that on, etc., at, etc., the defendant made his certain order in writing, and delivered the same to the plaintiff, and thereby the defendant requested " H. Buchanan, Esq.," to pay the plaintiff one hundred dollars in liquors—that afterwards, on, etc., plaintiff presented the order for payment to H. Buchanan, and the said Buchanan refused to pay said liquors, or any part thereof in order specified, of all which the defendant had due notice, etc.

The proof is full, that on presenting the order, Buchanan satisfied it in full, by delivering to the plaintiff liquors, the plaintiff himself selected, and with which he expressed himself well satisfied, and they were delivered to him, and the order taken up by Buchanan.  This closed the contract, as to the making, the delivering and the acceptance of the order, and this proof destroys the plaintiff's cause of action, as he has chosen to set it forth.

Whatever occurred afterwards should be set forth in a distinct count in the declaration, averring all the facts, as they make a new and different case from the one set forth in this declaration.

The judgment is reversed and the cause remanded, with leave to plaintiff to amend his declaration, by adding additional counts.

*Judgment reversed.*

CATON, C. J., dissents.